UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES REINSURANCE
(UK) PLC,

    Plaintiff,

                                CASE NO.

vs.

RAUDELL GARCIA,

    Defendant.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiffs, GREAT LAKES REINSURANCE (UK) PLC, by and through its undersigned attorneys, and for their Complaint seeking this Court's Declaratory Judgment would respectfully state as follows:

## JURISDICTION AND VENUE

1.    This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2.    Venue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assured named therein, the Defendant RAUDELL GARCIA residing at 10924 S.W. 119th Street, Miami, Florida 33176.

1

3.    This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4.    Plaintiff, GREAT LAKES REINSURANCE (UK) PLC, (hereinafter "GREAT LAKES") is a corporation organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the United Kingdom, in the City of London.

5.    Upon information and belief, the Defendant RAUDELL GARCIA (hereinafter "GARCIA") is a United States citizen and a resident of the State of Florida.

**FACTUAL ALLEGATIONS**

6.    On or about July 21, 2008, Defendant GARCIA submitted to the Plaintiff, via Defendant's agent, an application for a policy of marine insurance. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage.

7.    A true and correct copy of the said application form completed by Defendant and dated July 18, 2008 and submitted to Plaintiff by and on behalf of the Defendant GARCIA on July 21, 2008 is attached hereto as Exhibit "A."

8.   Plaintiff agreed to issue its Policy No. 200/658/110532 based upon the representations set forth in, and the material information disclosed in, the application form which is attached hereto as Exhibit "A."

9.   On or about September 2, 2008, Plaintiff "GREAT LAKES" in exchange for good and valuable consideration issued to the Defendant GARCIA its Marine Insurance Policy No. 200/658/110532 affording Hull & Machinery coverage in the amount of $250,000.00 for the 1998 44 ft Sea Ray vessel which was owned by the said Defendant.

10.   A true and correct copy of the Declarations Page for Plaintiff's Policy No. 200/658/110532 is attached hereto as Exhibit "B."

11.   Thereafter, on or about August 26, 2009, Defendant GARCIA submitted to the Plaintiff, via Defendant's agent, a Renewal Questionnaire seeking to renew the policy of marine insurance. Such a submission of a Renewal Questionnaire was a routine aspect of the Plaintiff's procedure for considering whether to agree to renew the previous insurance coverage.

12.   A true and correct copy of the said Renewal Questionnaire form completed by Defendant and dated July 21, 2009 and submitted to Plaintiff by and on behalf of the Defendant GARCIA on August 26, 2009 is attached hereto as Exhibit "C."

13.  Plaintiff agreed to renew the coverage and to issue its Policy No. OSPYP/119876 based upon the representations set forth in, and the material information disclosed in, the application form which is attached hereto as Exhibit "A" and in the Renewal Questionnaire which is attached hereto as Exhibit "C."

14.  On or about August 28, 2009, Plaintiff "GREAT LAKES" in exchange for good and valuable consideration issued to the Defendant GARCIA its Marine Insurance Policy No. OSPYP/119876 affording Hull & Machinery coverage in the amount of $250,000.00 for the 1998 44 ft Sea Ray vessel which was owned by the said Defendant.

15.  A true and correct copy of the Declarations Page for Plaintiff's Policy No. OSPYP/119876 is attached hereto as Exhibit "D."

16.  On or about November 26, 2009, while Plaintiff's Policy No. OSPYP/119876 was in full force and effect, the 1998 44 ft Sea Ray vessel insured under the terms of the said policy was reported to have been stolen.

17.  Following receipt of the claim made by the Defendant as described herein, Plaintiff caused an investigation to be made into the facts and circumstances surrounding the alleged theft, and the material facts which were disclosed on the application and the

4

Renewal Questionnaire which had been submitted by the Defendant named herein.

18.   The investigation established that the Defendant misrepresented and/or failed to disclose material facts regarding his prior history of marine and non-marine losses.

19.   The investigation established that the Defendant misrepresented and/or failed to disclose material facts regarding his prior history of criminal convictions and traffic violations.

20.   The investigation further established that the Defendant misrepresented and/or failed to disclose the material fact that the vessel insured under Plaintiff's policy of marine insurance would be engaged in chartering and/or other commercial activity(ies), during the term of the policy of marine insurance.

21.   The investigation further established that the Defendant misrepresented and/or failed to disclose material facts regarding the purchase price of the vessel insured under Plaintiff's policy of marine insurance.

22.   The investigation further established that the Defendants had engaged in chartering of the vessel, and/or other commercial activity(ies), either at the time of the incident described herein and/or during the term of the policy of marine insurance.

23.   Notwithstanding the facts established by Plaintiff's said investigation, Defendant has made a claim against the Plaintiff under the terms of Policy No. OSPYP/119876 demanding payment of the

full policy limits for the vessel insured under the terms of the said policy.

## FIRST CAUSE OF ACTION

24.   Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 23 as if set forth fully herein.

25.   Plaintiff's policy states, in pertinent part:

9.   General Conditions & Warranties

******

d)   This insuring agreement incorporates in full your application for insurance and it constitutes the entire contract between us. At your request, various provisions of this insuring agreement may be varied by us but only by our prior written agreement.

******

n)   This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstance material to our acceptance or continuance of this insurance.

26.   The Defendants breached the provisions of Plaintiff's policy of marine insurance set forth above by misrepresenting or by failing to disclose facts which were material to Plaintiff's decision to accept and/or to continue the risk of insuring the vessel.

6

27.   The Defendant misrepresented and/or failed to disclose material facts regarding his prior history of marine and non-marine losses.

28.   Had the Defendant disclosed the material facts referenced herein, regarding the chartering of the vessel, then Plaintiff would not have agreed to insure the vessel and/or would not have issued its Policy No. OSPYP/119876 or would have charged a higher premium.

29.   The Defendant's misrepresentations and/or failure to disclose material facts constitutes a breach of the duties imposed upon the Defendant by the express terms of the policy and under the applicable principles of federal admiralty law.

30.   Defendant's breach of the policy renders the said policy void *ab initio* and/or entitles the Plaintiff to declare the said policy void.

31.   Defendant's breach of the policy permits the Plaintiff to avoid liability for the theft of the insured vessel alleged to have occurred on or about November 26, 2009.

32.   Notwithstanding the said breach of the policy and the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the terms of the said policy of marine insurance.

7

33.   As a result of the Defendant's breach of the policy and the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. OSPYP/119876.   Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policies construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policies.

34.   As a result of the Defendants' demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION

35.   Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 23 as if set forth fully herein.

36.    Plaintiff's policy states, in pertinent part:

<u>9.  General Conditions & Warranties</u>

\*\*\*\*\*\*

d)    This insuring agreement incorporates
      in full your application for insurance
      and it constitutes the entire contract
      between us. At your request, various
      provisions of this insuring agreement
      may be varied by us but only by our
      prior written agreement.

\*\*\*\*\*\*

n)    This contract is null and void in the
      event of non-disclosure or misrepresent-
      tation of a fact or circumstance mater-
      ial to our acceptance or continuance of
      this insurance.

37.  The Defendant breached the provisions of Plaintiff's
policy of marine insurance set forth above by misrepresenting or by
failing to disclose facts which were material to Plaintiff's
decision to accept and/or to continue the risk of insuring the
vessel.

38.  The Defendant misrepresented and/or failed to disclose
material facts set forth above by failing to material facts
regarding his prior history of criminal convictions and traffic
violations.

39.  Had the Defendant disclosed the material facts referenced
herein, then Plaintiff would not have agreed to insure the vessel

and/or would not have issued its Policy No. OSPYP/119876 or would have charged a higher premium.

40.   The Defendant's misrepresentations and/or failure to disclose material facts constitutes a breach of the duties imposed upon the Defendant by the express terms of the policy and under the applicable principles of federal admiralty law.

41.   Defendant's breach of the policy renders the said policy void *ab initio* and/or entitles the Plaintiff to declare the said policy void.

42.   Defendant's breach of the Plaintiff's policy of marine insurance permits the Plaintiff to avoid liability for the theft of the insured vessel alleged to have occurred on or about November 26, 2009.

43.   Notwithstanding the said breach of the policy and the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full amount of the insured value of the vessel insured under the terms of the said policy of marine insurance.

44.   As a result of the Defendant's breach of the policy and the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. OSPYP/119876.   Until such

10

time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policies construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policies.

45.  As a result of the Defendants' demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a <u>bona</u> <u>fide</u>, actual and present dispute exists calling for this Court's Declaratory Judgment.

## THIRD CAUSE OF ACTION

46.  Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 23 as if set forth fully herein.

47.   Plaintiff's policy states, in pertinent part:

### 9.  General Conditions & Warranties

* * * * * *

d)   This insuring agreement incorporates in full your application for insurance and it constitutes the entire contract between us. At your request, various provisions of this insuring agreement may be varied by us but only by our prior written agreement.

11

```
                    * * * * * *
          n)   This contract is null and void in the
               event of non-disclosure or misrepresent-
               tation of a fact or circumstance mater-
               ial to our acceptance or continuance of
               this insurance.
```

48.  The Defendant breached the provisions of Plaintiff's policy of marine insurance set forth above by misrepresenting or by failing to disclose facts which were material to Plaintiff's decision to accept and/or to continue the risk of insuring the vessel.

49.  The Defendant misrepresented and/or failed to disclose the material fact that the vessel insured under Plaintiff's policy of marine insurance was going to be utilized in chartering and/or other commercial activity(ies), during the term of the policy of marine insurance.

50.  Had the Defendant disclosed the material facts referenced herein, regarding the chartering of the vessel, then Plaintiff would not have agreed to insure the vessel and/or would not have issued its Policy No. OSPYP/119876 or would have charged a higher premium.

51.  The Defendant's misrepresentations and/or failure to disclose material facts constitutes a breach of the duties imposed

upon the Defendant by the express terms of the policy and under the applicable principles of federal admiralty law.

52.   Defendant's breach of the policy renders the said policy void *ab initio* and/or entitles the Plaintiff to declare the said policy void.

53.   Defendant's breach of the policy permits the Plaintiff to avoid liability for the theft of the insured vessel alleged to have occurred on or about November 26, 2009.

54.   Notwithstanding the said breach of the policy and the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the terms of the said policy of marine insurance.

55.   As a result of the Defendant's breach of the policy and the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. OSPYP/119876.   Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policies construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policies.

56.   As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a <u>bona fide</u>, actual and present dispute exists calling for this Court's Declaratory Judgment.

### **FOURTH CAUSE OF ACTION**

57.   Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 23 as if set forth fully herein.

58.   Plaintiff's policy states, in pertinent part:

<u>9.  General Conditions & Warranties</u>

\*\*\*\*\*\*

d)   This insuring agreement incorporates in full your application for insurance and it constitutes the entire contract between us. At your request, various provisions of this insuring agreement may be varied by us but only by our prior written agreement.

\*\*\*\*\*\*

n)   This contract is null and void in the event of non-disclosure or misrepresent- tation of a fact or circumstance mater- ial to our acceptance or continuance of this insurance.

14

59.   The Defendant breached the provisions of Plaintiff's policy of marine insurance set forth above by misrepresenting or by failing to disclose facts which were material to Plaintiff's decision to accept and/or to continue the risk of insuring the vessel.

60.   The Defendant misrepresented and/or failed to disclose material facts set forth above by misrepresenting and/or failing to disclose material facts

61.   Had the Defendant disclosed the material facts referenced herein, then Plaintiff would not have agreed to insure the vessel and/or would not have issued its Policy No. OSPYP/119876 or would have charged a higher premium.

62.   The Defendant's misrepresentations and/or failure to disclose material facts constitutes a breach of the duties imposed upon the Defendant by the express terms of the policy and under the applicable principles of federal admiralty law.

63.   Defendant's breach of the policy renders the said policy void *ab initio* and/or entitles the Plaintiff to declare the said policy void.

64.   Defendant's breach of the Plaintiff's policy of marine insurance permits the Plaintiff to avoid liability for the theft of the insured vessel alleged to have occurred on or about November 26, 2009.

65.  Notwithstanding the said breach of the policy and the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full amount of the insured value of the vessel insured under the terms of the said policy of marine insurance.

66.  As a result of the Defendant's breach of the policy and the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. OSPYP/119876.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policies construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policies.

67.  As a result of the Defendants' demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

16

## FIFTH CAUSE OF ACTION

68.   Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 23 as if set forth fully herein.

69.   Plaintiff's policy states, in pertinent part:

### 9.   General Conditions & Warranties

******

a)   It is warranted that the scheduled Vessel shall be used solely for private and pleasure purposes, and will not be used for Charter, hire, lease or any other commercial activity.

70.   In having engaged in chartering of the vessel, and/or other commercial activity(ies), either at the time of the incident described herein and/or during the term of the policy of marine insurance, the Defendant breached the express terms of Policy no. OSPYP/119876.

71.   In having engaged in chartering of the vessel, and/or other commercial activity(ies), either at the time of the incident described herein and/or during the term of the policy of marine insurance, the Defendant was in direct violation of the said express warranty set forth in Plaintiff's policy of marine insurance and therefore were in breach of the duties imposed upon the Defendants by the express terms of the Plaintiff's policy.

17

72.  Defendant's breach of the express warranty set forth in the Plaintiff's policy of marine insurance renders the said policy void *ab initio* and/or entitles the Plaintiff to declare the said policy void.

73.  Defendant's breach of the warranty set forth in the Plaintiff's policy of marine insurance permits the Plaintiff to avoid liability for the theft of the insured vessel alleged to have occurred on or about November 26, 2009.

74.  Notwithstanding the said breach of an express warranty and the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the terms of the said policy of marine insurance.

75.  As a result of the Defendant's breach of an express warranty and the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. OSPYP/119876. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policies construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policies.

76.   As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a <u>bona</u> <u>fide</u>, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A)   Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendant GARCIA as regards the incident of November 26, 2009 in which the insured vessel was alleged to have been stolen;

(B)   Declaring that Plaintiff's Policy No. OSPYP/119876 does not afford coverage to the Defendant GARCIA for the incident of November 26, 2009 in which the insured vessel was alleged to have been stolen;

(C)   Declaring that the misrepresentation of an/or failure to disclose material facts by and/or on behalf of the Defendant as described herein voids the coverage afforded under Plaintiff's Policy No. OSPYP/119876 *ab initio*, and allow the Plaintiff to rescind the said policy;

19

(D)  Declaring that the Defendant's breach of the policy's Private Pleasure Warranty as described herein voids the Plaintiff's Policy No. OSPYP/119876 *ab initio* and relieves the Plaintiff from any and all liability to the said Defendant under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;


(G). Any and all such other and further relief as the Court may deem proper and appropriate in the premises.



Dated:     May 24, 2010
           Fort Lauderdale, Florida


                              GOLDMAN & HELLMAN
                              Attorneys for Plaintiff
                              800 S.E. 3rd Avenue
                              4th Floor
                              Fort Lauderdale, Florida 33316
                              Tel (954)356-0460
                              Fax (954) 832-0878
                              segoldman@aol.com


                              By:   /s/ Steven E. Goldman
                                    STEVEN E. GOLDMAN, ESQ.
                                    FLA. BAR NO. 345210